UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON PLANT, LLC, | No. 2:13-cv-02109-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| BATZER CONSTRUCTION, INC.; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; and DOE DEFENDANTS 1 through 30, | |
| Defendants. | |
| AND RELATED COUNTER/CROSS CLAIMS. | |

This matter is before the court on the motion by Batzer Construction, Inc. ("Batzer") and Fidelity and Deposit Company of Maryland ("Fidelity") (collectively "defendants") for attorney's fees and costs. (ECF 22.) Anderson Plant, LLC ("Plant" or "plaintiff") opposes the motion. (ECF 26.) The court held a hearing on the matter on April 11, 2014, at which Robert Moore appeared for plaintiff and Darien Loiselle, appeared telephonically for defendants. As explained below, the court DENIES defendants' motion.

/////

/////

1

I.     INTRODUCTION

The court summarizes the relevant background briefly.  This case was removed from Shasta County Superior Court in October 2013.  (ECF 1.)  In essence, the parties argued that each breached its respective obligations under the contract.  (ECF 1-1.)  Because the parties' contract included an arbitration clause, defendants filed a motion to compel arbitration in November 2013.  (ECF 9.)  Subsequently, the court granted defendants' motion to compel arbitration and dismissed this action without prejudice.  (ECF 20.)

Defendants now move for attorney's fees and costs, arguing they are the prevailing parties in connection with their successful motion to compel arbitration (ECF 23 at 3), and Plant opposes the motion (ECF 25).  Defendants have filed a reply.  (ECF 29.)

As an initial matter, the court notes that California law applies in determining whether defendants are entitled to attorney's fees and costs under the contract because the contract provides so and the parties do not dispute their intention as stated in Article 30 of the contract.  *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182 (9th Cir. 2009) ("In determining the enforceability of a choice of law provision in a diversity action, a federal court applies the choice of law rules of the forum state, in this case California . . . . if the parties state their intention in an express choice-of-law clause, California courts ordinarily will enforce the parties' stated intention." (internal quotation marks omitted)).

II.    LEGAL STANDARD

In the context of recovering attorney's fees, California follows the "American rule": unless a contract, statute, or other law specifically provides for fees to a prevailing party, each party bears his or her own fees.  *Musaelian v. Adams*, 45 Cal. 4th 512, 516 (2009). This rule is codified in section 1021 of the California Code of Civil Procedure, providing that the parties are free to agree on the measure and mode of attorney compensation in their agreements.  In the context of a contract claim, the California Civil Code provides in relevant part:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether

> he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
>
> (b)(1) The court, upon notice and motion by a party, shall determine who is the prevailing party on the contract for purposes of this section . . . . [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no prevailing party on the contract within the meaning of this section.

CAL. CIV. CODE § 1717(a), (b).

III.     DISCUSSION

Defendants argue they are entitled to attorney fees and costs under Article 32.6 of their contract because defendants are the prevailing parties in this action, as defined in the contract, and the amount of fees is reasonable. (ECF 23 at 3-4.)

Plaintiff argues defendants' requests for fees and costs should be denied for four reasons. First, plaintiff argues that defendants are not the prevailing parties because there can be only one prevailing party in a case and that prevailing party can only be determined after the underlying claims in the lawsuit are resolved. (ECF 26 at 6.) Consequently, plaintiff concludes defendants' "request is premature and must be denied." (*Id.* at 7.) Second, plaintiff argues because Fidelity was not a party to the contract, it cannot recover fees and costs under the contract. (ECF 28 at 7.) Third, plaintiff argues that even assuming defendants are considered to be prevailing parties, the request for fees and costs is "excessive and unreasonable on its face." (ECF 26 at 8.) Finally, plaintiff argues the court should deny defendants' motion because defendants do not "provide the [c]ourt with appropriate evidence to support [the] fee request." (*Id.*)

To determine whether defendants are entitled to attorney's fees and costs under the contract, the court must first determine whether defendants are the prevailing parties within the meaning of the contract's clause authorizing attorney's fees.

In *Roberts v. Packard, Packard & Johnson*, 217 Cal. App. 4th 822, 833 (2013), the California Court of Appeal held that "[b]ased on the plain meaning of section 1717, . . . a petition to compel arbitration *filed in a pending lawsuit* is not an 'action,' and attorney fees

3

1  cannot be awarded to the prevailing party, until the requests for relief—the causes of action—are
2  ultimately resolved." (emphasis in original).

3  In *Roberts*, the plaintiffs filed a lawsuit against the defendants, the plaintiffs'
4  former attorneys, for various claims stemming from the defendants' alleged misallocation of
5  funds. *Id.* at 826-27. The defendants moved to compel arbitration in accordance with the parties'
6  contingency fee agreement. *Id.* at 827. The trial court granted the motion and awarded fees to the
7  defendants. *Id.* The question before the appellate court was whether the trial court's grant of fees
8  to the defendants "as the prevailing parties on the petition to compel arbitration, which was filed
9  in the pending lawsuit" was proper, "even though the resolution of the underlying causes of
10 action [was] to be determined through arbitration, and the prevailing party on those claims
11 [would] not be known until arbitration [was] completed." *Id.*

12 The relevant contractual provision of the contingency fee agreement in *Roberts*
13 provided: "If any *action* arising out of this Agreement is instituted by any Party against another
14 Party, the prevailing Party shall be entitled to recover from the non-prevailing Party reasonable
15 attorneys' fees and costs." *Id.* at 830 (emphasis in original) (internal quotation marks omitted).

16 Regarding an action, the court in *Roberts* summarized the following distinction:
17 "There is an analytic distinction between a motion . . . to compel arbitration *filed with an existing*
18 *[lawsuit,]* as here, and a [motion] to compel arbitration that *commences an independent [lawsuit]*
19 . . . ." (*Id.* at 834) (emphasis in original) (internal quotation marks and citation omitted). A party
20 may file a motion to compel arbitration as an independent lawsuit when there is no pending
21 underlying lawsuit; however, when there is a pending underlying lawsuit, the motion must be
22 filed in the pending lawsuit. In the latter scenario, the motion to compel arbitration is not an
23 independent action. *Id.*

24 After reviewing the legislative history of section 1717 and cases applying it in the
25 context of motions to compel arbitration, the court in *Roberts* distilled the following rule:
26 "[U]nder section 1717, there may only be one prevailing party entitled to attorney fees on a given
27 contract in a given lawsuit." *Id.* at 840 (internal quotation marks omitted). Accordingly,
28 "attorney fees cannot be awarded when a trial court rules on a petition to compel arbitration . . .

[except] [w]hen a party defeats an independent petition to compel arbitration . . . ." *Id.* (internal quotation marks omitted).

The two cases in which California appellate courts have found that a party who prevailed on a motion to compel arbitration filed in a pending lawsuit could recover attorney fees are distinguishable from *Roberts* and this case. In *Acosta v. Kerrigan*, the court did not mention section 1717 in its analysis, and the court's conclusion, that the defendant was entitled to attorney's fees for succeeding on a motion to compel arbitration in a pending lawsuit, was based on a uniquely phrased attorney fee provision. 150 Cal. App. 4th 1124, 1126 (2007). The provision allowed the recovery of fees from the party who "institute[d] any . . . action . . . by any method other than . . . arbitration . . . ." *Id.* at 1126 (internal quotation marks omitted). The construction contract here does not contain such an attorney fee clause.

In the second case, *Benjamin, Weill & Mazer v. Kors*, 195 Cal. App. 4th 40, 75 (2011) ("*Kors*"), the court held that a party who prevails on a petition to compel arbitration filed in a pending lawsuit is entitled to attorney's fees. This case has been distinguished by two subsequent courts including the *Roberts* case discussed above.

In *Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal. App. 4th 515, 546 (2012), after a lengthy discussion of the legislative history of section 1717 and cases interpreting section 1717 in the context of petitions to compel arbitration, the court held that "the Legislature did not intend to authorize multiple attorney fees awards to multiple prevailing parties on a single contract in a given lawsuit." The court also reasoned that the cases relied on by the court in *Kors* were distinguishable because "it was critical in those cases that the decisions on arbitrability occurred in the context of wholly independent legal proceedings that resolved 'the only issue before the court—whether the arbitration should be allowed to proceed.'" *Id.* at 536 (quoting *Turner v. Schultz*, 175 Cal. App. 4th 974, 983 (2009) and citing *Otay River Constructors v. San Diego Expressway*, 158 Cal. App. 4th 796, 807 (2008)). Accordingly, the court in *Frog Creek* concluded the court's decision in *Kors* was supported neither by the legislative history nor by the cases relied on by the *Kors* court. *Id.* at 537.

/////

1       In *Roberts*, the court held that "*Kors* did not adequately consider the purpose of
2  section 1717, . . . did not recognize that a petition to compel arbitration filed in a pending lawsuit
3  is not a 'discrete proceeding,'; furthermore, *Kors*' reliance on *Acosta* was misplaced because
4  *Acosta* did not consider section 1717, and *Acosta*'*s* holding "was based on the unique wording of"
5  the attorney's fee provision in that case.  217 Cal. App. 4th at 841-42.

6       The present case is more akin to *Roberts*.  Article 32.6 of the parties' contract
7  provides: "If any party hereto commences an action or arbitration proceeding to interpret or
8  enforce this [c]ontract or any provision hereof, the prevailing party shall be entitled to an award
9  of costs, attorneys' fees, and expert witness fees . . . ."  (ECF 24, Ex. 1 at 24.)  Plaintiff filed a
10 complaint, alleging three claims:  (1) violation of Business and Professions Code section 7031
11 against Batzer to recover all compensation paid to Batzer "as a result of Batzer's alleged failure to
12 maintain a valid contractor's license" (ECF 1-1 at 10-11); (2) enforcement of performance and
13 payment bond against Batzer and Fidelity (*id.* at 11-12); and (3) declaratory relief against Batzer
14 (*id.* at 12-13).  After defendants removed the case to this court, they filed a motion to compel
15 arbitration, arguing the contractor-licensure issue, plaintiff's first claim, arises out of the contract;
16 and thus, that issue must be arbitrated.  (ECF 20 at 3.)  Clearly, the present case is a case where a
17 motion to compel arbitration has been filed in a pending lawsuit.

18       The court granted defendants' motion to compel arbitration holding plaintiff's first
19 claim was "within the scope of the agreement to arbitrate" (*id.* at 6.), and the court dismissed
20 plaintiff's action without prejudice (*id.* at 7).  Plaintiff has appealed that order.  (ECFs 27 and 28).
21 The court's grant of defendants' motion to compel arbitration did not resolve the parties' contract
22 dispute because the alleged claims remain to be resolved by an arbitrator.  By prevailing on the
23 motion to compel, defendants did not prevail on the underlying claims.  Defendants' motion is
24 premature.  *See* CAL. CIV. CODE § 1717(b)(1) ("The court may also determine that there is no
25 party prevailing on the contract for purposes of this section.").

26       Accordingly, the court DENIES defendants' motion for attorney's fees and request
27 for costs, without prejudice.  It did not reach the question of reasonableness at this time.
28 /////

IV.     CONCLUSION

        For the foregoing reasons, defendants' Motion for Attorney's Fees and Request for Costs is DENIED without prejudice.

        IT IS SO ORDERED.

DATED:  May 16, 2014.

_____
UNITED STATES DISTRICT JUDGE